United States District Court
Southern District of Texas
**ENTERED**
June 29, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EARNEST UTLEY, § <br> TDCJ #2168613, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § CIVIL ACTION NO. H-22-3931 <br> BOBBY LUMPKIN, Director, § <br> Texas Department of Criminal § <br> Justice - Correctional § <br> Institutions Division, § <br> § <br> Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Earnest Utley (TDCJ #2168613) has filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) and Petitioner's 2254 Writ of Habeas Corpus Memorandum of Law in Support of Petition ("Petitioner's Memorandum") (Docket Entry No. 2), challenging a murder conviction from Walker County, Texas. Director Bobby Lumpkin has filed Respondent's Motion to Dismiss with Brief in Support ("Respondent's Motion") (Docket Entry No. 19), arguing that the Petition is untimely. Utley has filed Petitioner's Response to Respondent['s] Motion to Dismiss with Brief in Support ("Petitioner's Response") (Docket Entry No. 26), and he has also submitted exhibits (Docket Entry Nos. 26-1, 27). After considering all of the pleadings, the state court records, and the applicable

law, the court will grant Respondent's Motion and will dismiss this action for the reasons explained below.

## I. Background

Utley is incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as the result of a judgment of conviction that was entered against him by the 278th District Court of Walker County in Cause No. 27683.[1] A grand jury returned an indictment against Utley in that case, charging him with murder by intentionally or knowingly causing the death of Timeshia Franklin by shooting her with a firearm.[2] In Texas murder is a first-degree felony subject to punishment of imprisonment "for life or for any term of not more than 99 years or less than 5 years." Tex. Penal Code §§ 12.32(a), 19.02(c). A jury found Utley guilty as charged and sentenced him to 75 years' imprisonment on November 9, 2017.[3]

On direct appeal Utley's appointed counsel moved to withdraw and filed a brief under <u>Anders v. California</u>, 87 S. Ct. 1396 (1967), stating that there were no arguable issues supported by the

---

[1]Petition, Docket Entry No. 1, p. 1; Judgment of Conviction by Jury, Docket Entry No. 20-2, pp. 55-57.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2]Indictment, Docket Entry No. 20-2, p. 5.

[3]Judgment of Conviction by Jury, Docket Entry No. 20-2, p. 55.

evidence and applicable law.[4] After conducting an independent review of the record, an intermediate court of appeals affirmed the conviction and granted counsel's request for leave to withdraw. See Utley v. State, No. 10-17-00391-CR (Tex. App. — Waco Feb. 27, 2019).[5] The Texas Court of Criminal Appeals refused Utley's petition for discretionary review on June 12, 2019. See Utley v. State, No. PD-277-19 (Tex. Crim. App. 2019).[6]

Utley challenged his conviction further by filing an Application for a Writ of Habeas Corpus Seeking Relief From Final Felony Conviction Under [Texas] Code of Criminal Procedure Article 11.07 ("State Habeas Application"), which was dated August 17, 2022.[7] Utley argued that he was entitled to relief from his conviction for the following reasons:

1.  The State presented improper evidence of prior convictions during the punishment phase of the trial to enhance his sentence.

2.  He was denied effective assistance of counsel because his trial attorney failed to investigate and object to the enhancement evidence.

3.  The trial court abused its discretion by denying his motion to suppress a statement he made to police.

---

[4] Brief of Appellant, Docket Entry No. 20-19, p. 13.

[5] Memorandum Opinion, Docket Entry No. 20-15, p. 4.

[6] Electronic Record, Docket Entry No. 20-23.

[7] State Habeas Application, Docket Entry No. 20-26, pp. 4-19.

>    4.   The trial court abused its discretion by admitting the improper enhancement evidence and denying his motion for a mistrial.[8]

The state habeas corpus judge, who also presided over the trial, reviewed affidavits from Utley's trial attorneys and recommended that relief be denied after concluding that Utley failed to raise a meritorious issue.[9] The Texas Court of Criminal Appeals agreed and summarily denied Utley's State Habeas Application without a written order on October 19, 2022.[10]

Utley now seeks relief from his conviction and sentence under 28 U.S.C. § 2254 in a federal habeas Petition that is dated November 3, 2022.[11] He raises issues similar to those that were rejected on state habeas corpus review.[12] The respondent argues that the Petition must be dismissed because it is untimely and barred by the governing one-year statute of limitations on federal habeas corpus review.[13]

---

[8]Id. at 9-15.

[9]Written Recommendation dated Sept. 15, 2022, Docket Entry No. 20-26, p. 68.

[10]Action Taken on Application No. 94,176-01, Docket Entry No. 20-24.

[11]Petition, Docket Entry No. 1, p. 15.

[12]Id. at 5-8; Petitioner's Memorandum, Docket Entry No. 2, pp. 6-13.

[13]Respondent's Motion, Docket Entry No. 19, pp. 3-6.

## II. Discussion

### A. The One-Year Statute of Limitations

Utley's Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), which states that any challenge to a state court judgment of conviction must be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  A conviction typically becomes "final" when the United States Supreme Court affirms the conviction on the merits, or denies certiorari review, or the time for filing a petition for certiorari review expires.  See Clay v. United States, 123 S. Ct. 1072, 1076 (2003); Jimenez v. Quarterman, 129 S. Ct. 681, 685 (2009).

Utley did not seek a writ of certiorari after the Texas Court of Criminal Appeals refused his petition for discretionary review on June 12, 2019.  As a result, his conviction became final and his limitations period began to run pursuant to § 2244(d)(1)(A) ninety days later on September 10, 2019, when his time to pursue a writ of certiorari expired.  See Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012).  That date triggered the statute of limitations, which expired one year later on September 10, 2020.  The federal Petition that Utley executed on November 3, 2022, is late by more than two years and is therefore barred by the statute of limitations unless a statutory or equitable exception applies.

**B.   Statutory Tolling Will Not Save Utley's Untimely Petition**

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for State post-conviction or other collateral review" is pending shall not count toward the limitations period on federal habeas review. As noted above, Utley executed a State Habeas Application on August 17, 2022,[14] which the Texas Court of Criminal Appeals denied on October 19, 2022.[15] Because this state habeas proceeding was filed after the limitations period had already expired, it has no tolling effect for purposes of § 2244(d)(2). See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Utley has not proposed any other basis for statutory tolling of the limitations period, and the record does not disclose any. Accordingly, statutory tolling will not save his untimely federal Petition, which must be dismissed unless an equitable basis exists to extend the statute of limitations on federal habeas review.

**C.   Equitable Tolling is Not Warranted**

Equitable tolling is available at the court's discretion "only in rare and exceptional circumstances." Jackson v. Davis, 933 F.3d 408, 410 (5th Cir. 2019) (citation and internal quotation marks

---

[14]State Habeas Application, Docket Entry No. 20-26, pp. 4-19.

[15]Action Taken on Application No. 94,176-01, Docket Entry No. 20-24.

-6-

omitted). "The petitioner bears the burden of establishing that equitable tolling is warranted." Hardy v. Quarterman, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted). To meet this burden, a petitioner must demonstrate (1) that he pursued federal review with due diligence and (2) that "'some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005)).

Utley appears to seek equitable tolling on the grounds that he is "legally deaf" and suffered partial paralysis as the result of a stroke that he suffered in 2014.[16] He alleges that he was "not able to function properly for two years 2018-2020 while [he] was going through rehab and treatment for [the] stroke."[17] In support, Utley has presented medical records showing that he suffered "right-sided weakness" or hemiparesis as the result of a stroke in early 2014.[18] He also presents medical records showing that he received hearing aids while in TDCJ and that he was discharged from an occupational therapy program, which strengthened his right upper extremity, on March 24, 2020.[19]

---

[16] Petitioner's Response, Docket Entry No. 26, p. 2.

[17] Id. at 3.

[18] See Exhibit B to Petitioner's Response, Records from Conroe Regional Medical Center dated March 9, 2014, Docket Entry No. 27, pp. 3, 5-6, 8-9, 13-15.

[19] Exhibit A to Petitioner's Response, TDCJ Audiology and Hearing Aid Fitting dated July 23, 2019, Docket Entry No. 26-1, (continued...)

In <u>Roberts v. Cockrell,</u> 319 F.3d 690, 695 (5th Cir. 2003), the Fifth Circuit found equitable tolling inapplicable where an inmate was hospitalized thirteen times in a one-year period. The Fifth Circuit concluded that the petitioner failed to "suppl[y] the necessary details concerning his hospitalizations, such as when and for how long and at what stage of the proceedings they occurred, so as to allow a determination of whether they could have interfered with his ability to file his § 2254 application in a timely manner." <u>Id.</u> Utley has not provided evidence or specific details showing that he was incapacitated during the applicable limitations period.

The record shows that the charged offense occurred on December 6, 2015,[20] and the trial took place in 2017.[21] Utley testified during the trial that despite suffering a stroke in 2014, he shot the victim in the leg with the rifle he had been using to hunt deer earlier that day.[22] After pausing to reload another shell, he shot her a second time in the heart.[23] Utley does not present evidence or allege specific facts showing that he pursued

---

[19](...continued)
p. 4; Correctional Managed Health Care Occupational Therapy Clinic Note, Docket Entry No. 26-1, p. 5.

[20]Indictment, Docket Entry No. 20-2, p. 5.

[21]Reporter's Record, vol. 1, Master Chronological Index and Alphabetical Witness Index, Docket Entry No. 20-3.

[22]Reporter's Record, vol. 5, Nov. 9, 2017, Docket Entry No. 20-7, pp. 55, 67, 97-98.

[23]<u>Id.</u> at 97-98.

habeas corpus review with due diligence or that he was incapable of seeking review before the statute of limitations expired on September 10, 2020. Absent a showing that Utley was prevented from filing a federal petition in a timely manner due to incapacity during the relevant time period, he is not entitled to equitable tolling. See Roberts, 319 F.3d at 695; see also Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999) (declining to equitably toll the AEDPA statute of limitations for a seventeen-day period when petitioner was forcefully confined to psychiatric ward, medicated, rendered legally blind when separated from his glasses, and denied meaningful access to courts).

Utley presents no other basis for tolling the statute of limitations for equitable reasons. Although Utley represents himself, it is settled that a prisoner's pro se status, incarceration, and ignorance of the law do not excuse his failure to file a timely petition and are not grounds for equitable tolling. See Felder v. Johnson, 204 F.3d 168, 171-72 (5th Cir. 2000) (citations omitted); see also Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling).

The court is mindful of the effect a dismissal will have on the petitioner's ability to have his claim heard by a federal court, but the record does not disclose exceptional circumstances that would warrant equitable tolling. See Felder, 204 F.3d at 173.

Because Utley fails to establish that any exception to the AEDPA statute of limitations applies, the Respondent's Motion will be granted, and the Petition will be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Tennard v. Dretke, 124 S. Ct. 2562, 2569 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604. Because reasonable jurists would not debate whether the court's procedural ruling was correct, a certificate of appealability will not issue in this case.

## IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. Respondent's Motion to Dismiss (Docket Entry No. 19) is **GRANTED**.

2. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody filed by Earnest Utley (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE**.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 29th day of June, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE